# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:00-CR-00043

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JOSEPH ANDREW DAVIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes before the Court upon Defendant's "Motion to Compel the Government to File Rule 35(b)" (Doc. No. 90).

As a basis for the instant motion, Defendant contends that he provided substantial assistance to the Government and was "assured" that the Government would filed a Rule 35(b) motion on his behalf. The United States Attorney never made a Rule 35(b) motion, and Defendant claims that this failure was a breach of the alleged oral agreement which induced him to plead guilty. Defendant now seeks specific enforcement of that agreement and a reduction of his sentence.

"[U]nless the government's failure to file a substantial assistance motion is 'based on an unconstitutional motive' . . . or is 'not rationally related to any legitimate Government end,' district courts have no authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001) (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)).

Here, Defendant has not made any allegations, let alone the "substantial showing" required, that would lead this Court to conclude that such an unconstitutional motive was at play. Wade, 504 U.S. at 186 ("additional but generalized allegations of improper motive" are insufficient). Instead,

Defendant contends that the Government's reason for refusing to file the motion was not rationally related to a legitimate government end. Defendant has provided specific examples of his cooperation and has identified a specific date, December 22, 2003, when he was allegedly "promised" that a Rule 35(b) motion would be granted. Because the record appears incomplete to address these allegations and out of an abundance of caution in reviewing Defendant's motion, the Court finds that a brief response from the Government would be helpful to reviewing the instant motion.

IT IS, THEREFORE, ORDERED that the Government shall file a response to Defendant's motion on or before Thursday, October 16, 2008. .

IT IS SO ORDERED.

Signed: September 16, 2008

Frank D. Whitney
United States District Judge